UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KODAK GRAPHIC COMMUNICATIONS
CANADA COMPANY, AS SUCCESSOR TO
CREO, INC.,

Case No. 08-CV-6553T

Plaintiff,

vs.

**MOTION FOR LEAVE TO
FILE, *INSTANTER*, AMENDED
ANSWER AND
COUNTERCLAIM**

E. I. DU PONT DE NEMOURS AND
COMPANY,

Defendant.

Having now had the benefit of reviewing hundreds of thousands of pages of documents exchanged in discovery, E.I. DuPont de Nemours and Company ("DuPont") would like to focus its claims and further define its damages caused by Kodak Graphic Communications Canada Company ("KGCC").   Accordingly, DuPont respectfully requests leave to amend its Answer and Counterclaim pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

These amendments will conform the Answer and Counterclaim to the evidence adduced in discovery, and should be allowed in the interests of justice.  The law is clear that leave should be freely given.  Plaintiff will suffer no unfair prejudice by the filing of the Amended Answer and Counterclaim:  (1) no trial date has even been set and the parties have not yet begun substantive depositions, expert discovery, or damages discovery;  (2) the amendments relate to the exact same underlying facts and circumstances already at issue; and (3) there is plenty of time for any discovery that KGCC feels may be needed.  Furthermore, for these same reasons, allowing DuPont to

amend its Answer and Counterclaim will not cause any delay in the adjudication of this matter.   A supporting Memorandum, a copy of the proposed Amended Answer and Counterclaim, and a proposed Order granting this Motion are attached.

Respectfully submitted,

*s/ Damond R. Mace*
Damond R. Mace
Stephanie E. Niehaus
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
Telephone: 216.479.8500
Facsimile: 216.479.8780
dmace@ssd.com
sniehaus@ssd.com

Heather L. Stutz
SQUIRE, SANDERS & DEMPSEY L.L.P.
41 South High Street
2000 Huntington Center
Columbus, Ohio  43215-6197
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
hstutz@ssd.com

and

Warren B. Rosenbaum, Esq.
WOODS OVIATT GILMAN LLP
700 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: 585.987.2800
wrosenbaum@woodsoviatt.com
*Attorneys for Defendant E. I. du Pont de
Nemours and Company*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      BACKGROUND**

    **A.      Nature of the Dispute**

This lawsuit involves a joint project between DuPont and KGCC in which KGCC was responsible for developing equipment to produce color filters for flat screen television and computer monitors (the "Project").  By 2007, DuPont was contemplating terminating the Project because of KGCC's lack of progress and estimated cost of future machines.

Through a number of wrongful and material misrepresentations, however, KGCC induced DuPont to enter into revised and additional agreements instead of terminating the Project.  First, in reliance on KGCC's misrepresentations, DuPont agreed to sign a Ninth Amendment to the parties' Agreement and to buy four new machines from KGCC for $15 million.  The Ninth Amendment set required delivery dates for each of these four machines and confirmed that "[t]ime is of the essence."  Second, also in reliance on KGCC's misrepresentations, DuPont entered into a separate Memorandum of Understanding ("MOU") that governed, among other things, the future pricing of commercial machines.  DuPont incurred substantial costs, including payments to KGCC, under the Ninth Amendment and the MOU.

Unfortunately, KGCC never lived up to its promises in the Ninth Amendment and MOU, and its misrepresentations continued.  For example, KGCC failed to deliver the machines as required by the Ninth Amendment, and then refused to cure the defaults or even commit to delivery dates for the machines.  KGCC also repudiated its promises in the MOU and demanded that DuPont pay KGCC tens of millions more.  Because of

KGCC's breaches and repudiation of its promises, on December 1, 2008, DuPont exercised its contractual right to terminate the Agreement and Ninth Amendment with KGCC.  Although KGCC now claims that it was "on the verge" of delivering the machines, KGCC still made no effort to cure its defaults or provide firm delivery dates.  Rather, KGCC filed this lawsuit against DuPont, claiming that DuPont breached the Ninth Amendment and MOU and seeking far more in damages than KGCC would have been entitled to receive had it actually delivered the four machines, which KGCC was never able to do.

### B.    Nature of the Proposed Amendment

The combined approximately 600,000 pages of documents produced in discovery show that KGCC's material misrepresentations about the status of the design and its ability to meet delivery dates and conform to agreed pricing terms wrongfully induced DuPont to enter into the Ninth Amendment and MOU and to spend substantial sums on the Project.  These allegations in DuPont's proposed amended pleading are not new; they simply supply additional detail and flesh out DuPont's original claims and defenses.

For example, in its original counterclaim, DuPont made the following allegations concerning KGCC's misrepresentations and DuPont's reliance on them:

- DuPont learned for the first time on November 4, 2008 that KGCC had misrepresented the status of its design completion in 2007 when the parties were negotiating the Ninth Amendment and the MOU. (Counterclaim, ¶ 30).

- KGCC was not prepared to adhere to the delivery schedule promised in the Ninth Amendment.  (Counterclaim, ¶ 35).

- DuPont relied on KGCC's promises regarding the delivery dates. (Counterclaim, ¶ 17).

The parties' extensive document discovery has not only confirmed these facts, it has also provided additional detail about KGCC's wrongful actions and the resulting damages caused to DuPont.   Discovery also has allowed DuPont to put KGCC's conduct and the resulting damages in context.   DuPont merely seeks leave to amend to conform its allegations and the damages requested to this evidence.

Accordingly, the proposed amendments will: 1) add details to the existing factual allegations, including further defining the damages DuPont incurred because of KGCC's wrongful conduct; 2) clarify the relief requested in DuPont's existing counts; 3) add to its breach of contract claim to recover damages for KGCC's material breach and anticipatory repudiation of the MOU[1]; and 4) add a count for misrepresentation.[2]

## II.    LAW AND ARGUMENT

### A.    Leave To Amend Should Be Freely Given

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of court and "the court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has repeatedly instructed that Rule 15(a)'s mandate that leave to amend "shall be freely given" "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).   *See also Roloff v. Arabian American Oil Co.,* 421 F.2d 240 (2d Cir. 1970) (same).

---

[1] This claim is similar to the already existing Count 3**,** which seeks declaratory judgment regarding the MOU, except that it also requests damages as a result of KGCC's wrongful conduct.

[2] The only change DuPont proposes with respect to its answer is the addition of the defense of misrepresentation.   This defense is simply a corollary to DuPont's counterclaim for misrepresentation, since KGCC's misrepresentations bar KGCC's attempted enforcement of the agreements against DuPont.

This liberal amendment standard applies where, as here, a new cause of action is based on the same underlying circumstances as the original claim and there is no unfair prejudice to the opposing party. *American Electric Power Co. v. Westinghouse Electric Corp.,* 418 F. Supp. 435 (S.D. N.Y. 1976). In *American Electric Power*, the Court allowed amendment to add a claim resulting from extensive and continuing discovery, which "tie[d] together and buttress[ed]" the new claims. *Id.* (allowing amendment even though evidence supporting the new claims was known over one year before seeking amendment).

DuPont's proposed amendments are not the product of bad faith or dilatory motive. Instead, they are based on DuPont's further investigation into the facts and circumstances alleged in its original claims. As in *American Electric Power*, DuPont requests leave to amend now based on the evidence exchanged during discovery, which has further focused, defined and informed DuPont's existing allegations and claims. Indeed, allowing DuPont to amend will allow the Court to expeditiously resolve all claims in this case on the merits, based on all of the facts, defenses and claims available to the parties. *See United States v. New York*, 82 F.R.D. 2 (N.D.N.Y. 1978) (recognizing the strong preference for allowing amendment so that controversies can be decided on the merits).

Finally, DuPont's amendments refer to factual details that will be presented at trial in any event in relation to DuPont's existing claims and defenses. For example, DuPont's amendment seeks greater affirmative relief on its claims because of the payments it made to KGCC as a result of KGCC's wrongful inducement and payments KGCC improperly retained that resulted from KGCC's wrongful double billing of

expenses.[3]  As reflected in DuPont's initial affirmative defenses, the factual details concerning KGCC's wrongful receipt and retention of these payments will be presented as part of DuPont's existing defense based on the doctrines of setoff and recoupment to offset any recovery sought by KGCC.  DuPont simply seeks leave now to assert its right to affirmative recovery on the same facts.

## B.   KGCC Will <u>Not</u> Be Unfairly Prejudiced By The Amendment

KGCC will not suffer any unfair prejudice as a result of the proposed amendments.  In determining what constitutes unfair prejudice, courts consider whether the amendment would:  require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay resolution of the dispute; or prevent the opposing party from bringing a timely action in another jurisdiction.  *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 215 F.R.D. 105 (S.D.N.Y. 2003).  KGCC cannot establish any of these factors.

Applying these standards, in *A.V. by Versace v. Gianni Versace, S.p.A.,* 87 F. Supp. 2d 281 (S.D. N.Y. 2000) the court held that there was no undue prejudice because no trial date had been set, discovery was not yet complete, and the proposed amendments did not raise new factual claims unrelated to the events in the original pleadings.  Similarly, in *Golden Trade, S.r.L., v. Jordache*, 143 F.R.D. 504 (S.D. N.Y. 1992), the Court held that there was no meaningful showing of undue prejudice where the "issues raised by the new counterclaims [had] been present in the litigation for some

---

[3] Allowing DuPont to amend to seek greater affirmative relief is also fully consistent with the policies underlying Fed. R. Civ. P. 54(c), which mandates that any "final judgment [other than default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Accordingly, DuPont would be entitled to present its evidence and recover all of its damages anyway, even absent formal amendment of its pleadings.

time and [had] plainly been the subject of extensive discovery" and "the amendments introduce[d] no new issues into [the] case."  *See also Miteva v. Third Point Mgmt. Co., L.L.C.*, 219 F.R.D. 64 (S.D. N.Y. 2003) (allowing amendment one week from discovery deadline; no showing of prejudice because the additional claim was sufficiently connected to the events underlying the other causes of action); *American Electric Power*, 418 F. Supp. 435 (no undue prejudice because the new claims arose out of the same transactions and occurrences that were already the subject of the lawsuit; the parties had also conducted extensive discovery directed toward issues raised by amendments already).

As the Fourth Circuit explained, "a common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  This is in stark contrast to an amendment that "merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.*

The current status of this litigation much more closely approximates the latter situation than the former.  No trial date has been set, and the case will not be trial ready until mid 2011 even without the minor proposed amendment to the pleadings.  No substantive depositions have occurred, and many months of additional time remains in the current discovery schedule.  None of the existing discovery is rendered moot or wasted by the minor amendments being proposed.

Indeed, DuPont's proposed amendments do not require fact gathering or analysis different than that raised by the parties' initial claims.  Both parties' already

existing claims are centered on the parties' rights and obligations under the Ninth Amendment and MOU, the facts leading up to those agreements and the parties' performance after the agreements were signed.  These are exactly the same facts and circumstances that are the focus of DuPont's amendments.  DuPont merely seeks to flesh out its theories of recovery and defense to reflect the facts already at issue.

Finally, KGCC will not suffer unfair prejudice in the form of substantial delay or expense of additional discovery.  Even without the amendment, discovery is far from complete in this case.  Not a single substantive deposition has been taken.  KGCC has ample time to conduct any discovery it claims it needs.  For all of the foregoing reasons, allowing DuPont's proposed amendments will not unfairly prejudice KGCC.

**C.   For The Reasons Stated Above, DuPont Should Also Be Granted Relief From The Initial Scheduling Order.**

DuPont also seeks relief under Fed. R. Civ. P. 16(b)(4) from the Court's initial Scheduling Order, dated June 26, 2009 (the "Order"), which set a deadline of July 31, 2009 for filing motions to amend the pleadings, but allowed extensions for good cause. Rule 16(b)(4) similarly provides that relief from the Court's Scheduling Order may be granted with the judge's consent "for good cause shown."

In deciding whether a party has met the "good cause" standard under Rule 16, the Court considers the diligence of the moving party and may "also consider other relevant factors including, in particular, whether allowing amendment of the pleadings at this stage of the litigation will prejudice [the party opposing the amendment]."  *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) (holding district court erred in refusing to allow amendment on futility grounds without considering whether plaintiffs had demonstrated good cause under Rule 16).

Since the Order was issued, the parties have extended the deadlines pertaining to discovery three times, but the initial deadline of July 31, 2009 for seeking leave to amend has not been altered.  That initial deadline required the parties to file motions for leave to amend prior to engaging in *any* discovery, including initial mandatory disclosures.  The Order, therefore, did not contemplate what has happened here—i.e., protracted and extensive discovery that has clarified the issues.  DuPont requests leave to make these amendments now because, as in *American Electric Power*, 418 F. Supp. 435, continuing discovery has allowed DuPont to "tie together" the evidence of KGCC's pervasive breaches and material misrepresentations.  DuPont recently determined it was necessary to amend its Answer and Counterclaim to better conform DuPont's Answer and Counterclaim to the evidence adduced in discovery and to permit DuPont to seek full redress for the harm caused by KGCC's material breaches and misrepresentations.

In addition, as described above, KGCC will not be unduly prejudiced by allowing DuPont to amend its Answer and Counterclaim because: (1) no trial date has been set and the parties have not yet begun substantive depositions, expert discovery, or damages discovery; (2) the amendments relate to the same underlying facts and circumstances already at issue; and (3) there is plenty of time for any discovery that KGCC feels may be needed.

For all of the reasons detailed above, DuPont has shown good cause for seeking leave from the Scheduling Order deadlines, granting DuPont relief from the Scheduling Order is in the interests of justice, and the minor amendments proposed would not unfairly prejudice KGCC, and would not delay resolution of this matter.

8

### III.    CONCLUSION

For all of the foregoing reasons, and in the interests of justice, DuPont respectfully requests that this Court grant it leave to file its Amended Answer and Counterclaim, and that the attached Amended Answer and Counterclaim be deemed filed, *instanter*.

Respectfully submitted,


*s/ Damond R. Mace*
Damond R. Mace
Stephanie E. Niehaus
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
Telephone: 216.479.8500
Facsimile: 216.479.8780
dmace@ssd.com
sniehaus@ssd.com

Heather L. Stutz
SQUIRE, SANDERS & DEMPSEY L.L.P.
41 South High Street
2000 Huntington Center
Columbus, Ohio  43215-6197
Telephone: (614) 365-2700
Facsimile: (614) 365-2499
hstutz@ssd.com


Warren B. Rosenbaum, Esq.
WOODS OVIATT GILMAN LLP
700 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: 585.987.2800
wrosenbaum@woodsoviatt.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2010 the foregoing Motion for Leave to File, *Instanter*, Amended Answer and Counterclaim was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ Damond R. Mace*

*One of the Attorneys for Defendant E. I. du Pont de Nemours and Company*

COLUMBUS/761949.7