UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KODAK GRAPHIC COMMUNICATIONS CANADA COMPANY,
AS SUCCESSOR TO CREO, INC.

               Plaintiff,           08-CV-6553

      v.

                                        **ORDER AFFIRMING
REPORT AND
RECOMMENDATION**

E.I. DU PONT DE NEMOURS AND COMPANY

               Defendant.

_____

### INTRODUCTION

Plaintiff, Kodak Graphic Communications Canada Company, as successor to Creo, Inc. ("Kodak"), filed the instant action for a declaratory judgment, breach of contract and breach of the implied covenant of good faith and fair dealing against E.I. DuPont de Nemours and Company ("DuPont") on December 8, 2008. The Complaint alleges claims relating to an agreement and a related revision and Memorandum of Understanding between the parties for the development of color filters for flat screen televisions and computer monitors. (Docket No. 1.)[1]   On May 13, 2009, DuPont answered the complaint and asserted counterclaims for a declaratory judgment, breach of contract and unjust enrichment. (Docket No. 9.) On May 14, 2009, this Court referred the matter to Magistrate Judge Marian W. Payson to supervise all pre-trial, non-dispositive matters. (Docket No. 11.)

_____

[1]A full recitation of the factual background is contained in Magistrate Judge Marian W. Payson's Report and Recommendation. (Docket No. 93.)  Accordingly, the Court will only repeat the facts necessary to address DuPont's specific objections to Judge Payson's Report and Recommendation.

On June 26, 2009, Judge Payson entered a stipulated scheduling order, setting the deadline to file any motions to amend the pleadings as July 31, 2009.  Discovery commenced, and the deadline for completion of fact discovery was extended on multiple occasions. (Docket Nos. 26, 29, 30.)  The deadline for motions to amend, however, was not extended.

On September 20, 2010, fourteen months after the deadline to file motions to amend expired, DuPont filed a motion to amend its answer and counterclaims. (Docket No. 33.)  In its motion to amend, DuPont specifically stated that the allegations it sought to include in its amended pleading were "not new; they simply supply additional detail and flesh out DuPont's original claims and defenses." (Docket No. 33 at 2.)  Kodak opposed DuPont's motion arguing that DuPont did not demonstrate the requisite "good cause" for the proposed amendments pursuant to Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)"), and that in the alternative, that permitting the proposed amendments was futile.

Judge Payson considered the motion after oral argument, allowing DuPont to present additional evidence in support of its motion, and issued a Report and Recommendation ("R & R") on September 23, 2011. In her R & R, Judge Payson recommended that this Court deny DuPont's motion to amend on the grounds that DuPont had not demonstrated good cause pursuant to Rule 16(b).  In making this determination, Judge Payson specifically declined to consider the lack of prejudice to Kodak, stating:

> "A review [of] the caselaw in this Circuit reveals
> a split of authority on the issue of whether the

moving party must make a threshold showing of good cause before the Court considers prejudice or whether prejudice should be considered irrespective of good cause. After consideration of the relevant Second Circuit law, this Court finds that the former is the better approach, and is the one that has been most consistently followed in this district. *See Woodworth v. Erie Ins. Co.*, 2009 WL 3671930 at *3 ('the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)'). Accordingly, because I find that DuPont has not shown good cause for the amendments, I do not consider whether Kodak would be prejudiced by the proposed amendments."

(Docket No. 93 at note 3.) Judge Payson also found that permitting DuPont's proposed claim for misrepresentation was futile to the extent that it was based on Kodak's alleged predictions of future events as demonstrated in particular e-mails; finding that it was a claim of promissory fraud and DuPont failed to "plead specific facts that lead to a reasonable inference that the promisor had no intention of performing at the time the promise [was] made." Id. at 14 (quoting Microstrategy Inc. v. Acadia Research Corp., 2010 WL 5550455, *15 (Del. Ch. 2010)). Judge Payson further found that regardless of whether DuPont sufficiently alleged a cause of action for misrepresentation based on these e-mails, DuPont possessed sufficient information to allege the claim far sooner than it had. Therefore, DuPont did not demonstrate good cause for the proposed counterclaim. Id. at 15-16.

For determination are DuPont's objections to Judge Payson's R & R. DuPont specifically objects to Judge Payson's failure to consider the lack of prejudice to Kodak when determining that DuPont did not demonstrate good cause for its proposed amendments pursuant to Rule

16(b).  DuPont also objects to Judge Payson's finding that permitting

an amendment to its misrepresentation claim would be futile. DuPont

contends that Judge Payson improperly failed to consider this claim in

the light most favorable to DuPont and that she improperly considered

the issue based on a narrow reading of particular evidence and the

claim in general.[2]  DuPont argues that its amended counterclaims along

with the evidence presented in support of those claims satisfies its

burden of "pleading specific facts that lead to a reasonable inference"

of misrepresentation. (Docket No. 94 at 12.)

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report

and Recommendation, any party may serve and file written objections to

such proposed findings and recommendations.  After such filing,

> [a] judge of the court shall make a de novo
> determination of those portions of the report
> or specified proposed findings or
> recommendations to which objection is made.  A
> judge of the court may accept, reject, or
> modify, in whole or in part, the findings or
> recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). However, where the motion is a non-

dispositive, pre-trial motion, the standard of review is wether the

---

[2]Generally a court will only consider the contents of the proposed pleading when deciding whether an amendment would be futile because it could not withstand a motion to dismiss. See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).  Here, Judge Payson considered the e-mail evidence presented by DuPont at the hearing on the instant motion, although the facts contained in those e-mails were not included in the proposed amended pleading, as DuPont had requested permission to replead to include such facts if Judge Payson determined that the proposed amended pleading did not comply with Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "a party must state with particularity the circumstances constituting fraud."

order was "clearly erroneous or contrary to law." Id. Courts in the Second Circuit generally treat motions to amend a pleading as a non-dispositive pre-trial motion. See e.g. Smith v. Goord, 2007 WL 496371 (W.D.N.Y. 2007); Kilcullen v. New York State Dept. Of Transp., 55 Fed. Appx. 583 (2d Cir. 2003)(characterizing a motion to amend the complaint to assert a new claim as a non-dispositive motion).  After a review of Judge Payson's R & R and the relevant case law, this Court finds that Judge Payson's order denying the motion to amend is not clearly erroneous or contrary to law. Therefore, for the reasons set forth below and the reasons articulated in Judge Payson's R & R, which is hereby affirmed and adopted by this Court in its entirety, DuPont's motion to amend is denied.

   1. <u>Standard to Modify a Scheduling Order</u>

DuPont objects to Judge Payson's Rule 16(b) analysis, contending that Judge Payson improperly failed to consider the lack of prejudice to Kodak in determining that DuPont failed to establish good cause for its amendments.  Rule 16(b) provides that a scheduling order issued by the court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[3]

The Second Circuit has stated that while the "primary consideration," in determining whether the moving party has demonstrated good cause for an amendment under Rule 16(b) "is

---

   [3]Rule 16(b) applies to motions to amend a pleading, rather than Rule 15(a), where a scheduling order governs amendments to the pleadings. <u>See</u> <u>Holmes v. Grubman</u>, 568 F.3d 329, 334-5 (2d Cir. 2009).

whether the moving party can demonstrate diligence[,]...[t]he district court, <u>in the exercise of its discretion</u> under Rule 16(b), also <u>may</u> consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the non-moving party]." <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007)(emphasis added).

After reviewing the caselaw in this Circuit, Judge Payson found that there is a split of authority among the district courts concerning whether the court <u>must</u> first consider any prejudice to the non-moving party before determining whether the moving party has demonstrated good cause for an amendment.  Judge Payson found that the "better approach" and "the one that has been most consistently followed in this district," is to first determine whether the moving party has made a threshold showing of good cause (i.e. diligence) and, if so, to consider whether the non-moving party would be prejudiced by the amendment. (Docket No. 93 at note 3). This Court finds that Judge Payson's conclusion of law is neither clearly erroneous nor contrary to law.

Courts in the Western District of New York have found that "the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." <u>Woodworth v. Erie Ins. Co.</u>, 2009 WL 3671930 (W.D.N.Y. 2009)(Siragusa, J.)(citing <u>Estate of Ratcliffe v. Pradera Realty Co.</u>, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007)).  This Court interprets <u>Kassner</u> to mean that a

district court is obliged to consider the diligence of the moving

party, as the "primary" consideration, and it <u>may</u> consider other

factors such as the prejudice to the non-moving party, where the

consideration of such other factors is necessary to a reasonable

exercise of discretion.  For example, where the moving party was

diligent, but allowing the amendment would prejudice the non-moving

party because discovery was complete and the case was ready for

trial.  Therefore, the consideration of prejudice (or the lack

thereof) to the non-moving party will depend on the circumstances

of each case.  This Court does not interpret <u>Kassner</u> to require the

consideration of prejudice to the non-moving party in all

circumstances or that the lack of prejudice to the non-moving party

would negate the requirement that the moving party act with

diligence to amend its pleadings.[4] <u>See</u> <u>Woodworth</u>, 2009 WL 3671930

at *3 ("The Court does not understand this language from <u>Kassner</u> to

mean that where the moving party has not been diligent, a court may

nonetheless grant the motion if it would not prejudice the

non-moving party.").  Therefore, the Court finds that Judge Payson's

_____

[4]DuPont cites this Court's decision in <u>General v. Center for Disability Rights</u>, 2010 WL 3732198 (W.D.N.Y.), in which the undersigned granted a motion to modify a scheduling order to extend the deadline to file <u>dispositive</u> motions, in part because both parties were negligent in following the scheduling order throughout the case and because the Plaintiff would not be prejudiced.  However, the good cause analysis at the summary judgment stage is necessarily different than the analysis to extend the deadline to file a motion to amend. Further, this Court did not find that the defendant in that case had not been diligent in bringing its motion under Rule 16(b).  Rather, the Court found that neither party had "strictly adhered to the deadlines" of the scheduling order.  Accordingly, the Court does not find that this particular case supports DuPont's argument.

well-reasoned decision on this issue is neither clearly erroneous nor contrary to law.

While not citing the issue as a specific objection, DuPont also briefly argues that Judge Payson incorrectly determined that it did not act diligently in bringing the instant motion to amend. (Docket No. 94 at 9-10.) DuPont contends that the issues in this case are factually complex and that "Dupont simply did not have a practical opportunity to review and fully consider [Kodak's] voluminous document production until well into 2010." Id.  DuPont, however, does not contest that all of the information relied upon to support the instant motion (approximately 4 e-mails stings) was available to it in May 2010 - and most of the information was available for a much longer period of time (3 years for one e-mail, eleven months for another).  And some of this information was already available to DuPont at the time it filed its answer and counterclaims. Further, in its motion to amend DuPont specifically argues that the information was "not new" and the proposed amendments were "mere clarifications and embellishments of Dupont's, prior, already existing claims."  (Docket No. 43 at 4.)

Judge Payson found that DuPont's arguments were inconsistent and that its failure to bring the motion sooner demonstrated a lack of diligence.  Judge Payson further determined that with respect to its new proposed claim for misrepresentation, DuPont had sufficient information as early as the date it filed its answer and counterclaims to bring this claim and that the information received

in discovery (as late as May 2010) only served to "paint a far more egregious picture of Kodak's inability to perform its contractual obligations." (Docket No. 93 at 16.) But, "the issue of whether Kodak misrepresented its ability to perform the contract during the Revision 9 negotiations was not new." Id.  DuPont has not pointed to any reason why this Court should reconsider this finding and the Court finds that it was not clearly erroneous or contrary to law. Accordingly, Judge Payson's determination that DuPont was not diligent in bringing the instant motion is hereby affirmed for the reasons set forth in Judge Payson's R & R.

     2. Futility of Permitting Misrepresentation Claim

     Judge Payson also determined that, even if DuPont had been diligent in bringing its claim for misrepresentation, allowing the proposed amendment would be futile, as DuPont had failed to plead (or present facts) that would plausibly support a claim for misrepresentation.  In her analysis, Judge Payson afforded DuPont the benefit of the doubt that it had been diligent in bringing its claim by considering the contents of the pleadings and the information presented at the hearing.  To be clear, Judge Payson made this determination having already found that DuPont had not demonstrated good cause, and that DuPont had the necessary facts to bring this claim much sooner than it had, because the evidence received in May 2010 only served to highlight the egregious nature of the claim, but the claim was not new. (Docket No. 93 at 12-16.)

Judge Payson determined that the only information to which her analysis applied was one e-mail string between several Kodak employees in April 2007.  Judge Payson considered these e-mails despite the fact that DuPont presented them for the first time at the hearing on the instant motion, without prior notice to Kodak, and allowed the parties to further brief the motion after oral argument.  Judge Payson correctly determined that the amended pleading and the April 2007 e-mail string, taken together, did not meet the pleading standard under the Federal Rules of Civil Procedure and that DuPont should not be permitted to "bootstrap a breach of contract claim into a fraud claim." (Docket No. 93 at 15.)

DuPont's argument that Judge Payson failed to consider the facts in the light most favorable to DuPont, that she failed to consider all of the evidence presented, and that she read its claim too narrowly is not supported by the record.  After reviewing Judge Payson's R & R, this Court finds that Judge Payson adequately and accurately considered the scope and plausibility of DuPont's claim in the light most favorable to DuPont, giving DuPont the benefit of every <u>reasonable</u> inference.  The Court also notes that this analysis was secondary to Judge Payson's ultimate determination that DuPont had the necessary facts to amend its pleading much sooner. Accordingly, for the reasons set forth in Judge Payson's thorough and correctly reasoned R & R, DuPont's motion to amend its pleading is denied.

## CONCLUSION

For the reasons set forth above, this Court hereby affirms and adopts Magistrate Judge Marian W. Payson's Report and Recommendation dated September 23, 2011.  DuPont's motion to amend its pleading is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          December 28, 2011