UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KODAK GRAPHIC COMMUNICATIONS
CANADA COMPANY, AS SUCCESSOR
TO CREO, INC.,

                         Plaintiff,

                                                                    Case # 08-CV-6553-FPG

v.

                                                                    DECISION AND ORDER

E.I. DU PONT DE NEMOURS AND COMPANY,

                         Defendant.

Plaintiff Kodak Graphic Communications Canada Company ("KGCC") moves *in limine* (Dkt. #166) to preclude Defendant and counterclaimant E.I. Du Pont de Nemours and Company ("DuPont") from seeking any damages other than the $5.25 million down payment it received from KGCC. DuPont has responded to the motion (Dkt. #178), and KGCC has filed its reply (Dkt. #185). The Court heard oral argument from the parties on October 17, 2013.

## BACKGROUND

DuPont's Initial Disclosures under Fed.R.Civ.P. 26(a)(1), which are dated August 7, 2009, state that "DuPont's counterclaim damages include $5.25 million previously paid to Plaintiff, plus $975,000 in re-tooling expenses for the manufacture and assembly of EPS units, and pre-judgment interest on the foregoing." (Dkt. #178-2). There is no dispute that DuPont did not amend these disclosures.

Factual discovery closed in this case on February 29, 2012 (Dkt. #98), and on March 30, 2012, KGCC moved for Summary Judgment before United States District Judge Michael A. Telesca. Dkt. #105. On July 26, 2012, Judge Telesca denied KGCC's Motion for Summary Judgment, finding that although KGCC had breached the contract, material issues of fact

remained regarding whether the breach was material, and whether DuPont had waived any breach. Dkt. #117.

This Court held a status conference with the parties on February 25, 2013. Dkt. # 127. During that status conference, the Court set a trial date of October 28, 2013, and issued a Pretrial Order that required submissions – including a statement of damages to be pursued at trial – to be filed by September 9, 2013. Dkt. #128.

DuPont filed its damages statement on September 3, 2013 (Dkt. #138), which sought a total of $12,573,608.00 in damages. This amount was comprised of the $5.25 million down payment and $975,000.00 in retooling expenses that were listed in its initial disclosures, but also listed 11 additional amounts totaling $6,348,608.00. DuPont also stated that "the documents supporting these damages were produced between September 2009 and May 2010." *Id.*

On September 23, 2013, KGCC moved to exclude any damages claimed by DuPont except for the $5.25 million down payment, claiming that (1) the losses other than the $5.25 million are unrecoverable based on the terms of the contract, and (2) that the $6,348,608.00 in damages that DuPont now claims were not previously disclosed under Fed.R.Civ.P. 26(a), and should therefore be excluded under Fed.R.Civ.P. 37. Dkt. #166. In response, DuPont argues that the losses should not be excluded, both because they are not excluded amounts under the terms of the contract, and because KGCC received the underlying documents that demonstrate DuPont's damages during the course of discovery.

## STANDARDS OF LAW

Federal Rule of Civil Procedure 26 requires that, in addition to disclosing the names of individuals who likely possess discoverable information and documents to support claims or defenses, parties must also disclose:

a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed.R.Civ.P. 26(a)(1)(A)(iii).

The purpose of Rule 26 mandatory disclosures is to notify the parties of the claims each party intends to pursue, the individuals who may have relevant information, the documents to support those claims, and a computation of the damages sought, so that the parties can adequately prepare for trial. In order to ensure there are no surprises, Rule 26 further requires parties to "supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e).

Federal Rule of Civil Procedure 37(c)(1), entitled "Failure to Disclose or Supplement," provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In this Circuit, "a district court has wide discretion to impose sanctions, including severe sanctions, under Rule 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). The imposition of sanctions for a Rule 37 violation does not require a showing of bad faith. *Design Strategy*, 469 F.3d at 296.

In reviewing the propriety of sanctions imposed under Rule 37, the Second Circuit considers "(1) the parties explanation for the failure to comply with the disclosure requirement;

(2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony, and (4) the possibility of a continuance." *Design Strategy,* 469 F.3d at 296 (citations omitted).

With these standards in mind, the Court must determine (1) whether the damages information was properly disclosed by DuPont; (2) if not, whether the failure was substantially justified or harmless; and (3) if not, whether preclusion or some other remedy should be imposed.

## ANALYSIS

Turning first to whether DuPont's damages were properly disclosed under Rule 26, clearly, they were not. The commands of Rule 26 are unambiguous: parties must disclose relevant materials, and importantly in this case, "a *computation* of any category of damages." Fed.R.Civ.P. 26(a) (emphasis added). There is simply no argument – nor is there any evidence before this Court – that the additional $6,348,608.00 was ever listed in a Rule 26 disclosure by DuPont, and as such, the Court easily concludes that these damages were not disclosed.

Having determined that the roughly $6.3 million in additional damages was not disclosed under Rule 26(a), the Court must next analyze whether the failure to disclose these damages were "substantially justified or harmless."

DuPont argues that they "ha[ve] fully complied with its discovery obligations in this case" because "[a]ll of the evidence on which DuPont's damage claim is based was produced in discovery and has been in KGCC's possession for *several years.*" (Dkt. #178) (emphasis in original). The Court disagrees.

By its plain terms, Rule 26 requires more than simply providing a mountain of documents to your opponent. Instead, it requires a *computation* of damages to be provided. In the Court's

4

view, the import of providing a computation – especially in this case – is significant, and cannot be viewed lightly. There is no dispute that the parties have exchanged some 600,000 pages of discovery in this action, yet DuPont argues that their failure to disclose is harmless because "all of the information supporting DuPont's damages claim was long ago disclosed to KGCC in discovery."

This exact argument was rejected by the Second Circuit in *Design Strategy*. There, the plaintiff[1] argued that since it has turned over its financial records, the defendant could compute any damages by reading and analyzing the records. Plaintiff argued that "it was not obligated to provide a calculation of damages because the calculation of damages would be simple arithmetic" based upon the records that were turned over. *Id.* at 293. The district court rejected this argument during the following colloquy, which is particularly relevant to the argument made in this case:

> THE COURT: Mr. Dweck [Design's counsel], it is not as simple as simply providing the [financial statements] to the defendant without your providing as well a specific formula indicating how your theory of damages is supported. That is not something that the defendant is in a position to do for you.
>
> The only way that you can establish that you suffered damages is to be able to set it forth in some theory and then support the theory with facts. Simply providing documents to the defendant and assuming that somehow the defendant will divine what your alleged lost profits are by having documents is not sufficient. This Court on that basis is persuaded that this record does not support that theory.
>
> MR. DWECK: ... I didn't think we were obligated to do their homework.
>
> THE COURT: It is quite the opposite, Mr. Dweck. You, the plaintiff, are the one [ ] who [is] asserting the damages. If you assert the damages and you claim that you suffered a certain amount of injury, it is for you, you have the burden of proof on injury and the amounts thereof, and they have to be calculated with reasonable certainty. So your saying that you provided documents to the defendant doesn't go far enough in meeting your burden of proof on this issue.

---

[1] Although DuPont is the Defendant in this action, they have also interposed a counterclaim. Thus, the references to Plaintiff's obligations apply equally to DuPont as it relates to their counterclaim.

*Design Strategy*, 469 F.3d at 293-94.

The district court precluded the claimed damages, finding that there was no justification provided for the failure to disclose a computation of losses, and further finding that the failure to disclose was not harmless since discovery had been closed for a significant amount of time. The district court went on to find that

> reopen[ing] discovery for purposes of investigating the subject of lost profits would inevitably result in further substantial delays in the resolution of this case and impose additional costs on Defendants. Defendants would thus be harmed if the [c]ourt were to permit Design to pursue a lost profits theory of damages, in that Defendants would be required either to postpone a trial for which they are otherwise prepared and which has already been significantly delayed, or proceed without having had the opportunity to conduct adequate discovery on this issue.

*Design Strategy*, 469 F.3d at 294.

The Second Circuit affirmed the preclusion order, finding, *inter alia*, that "the prejudice to the defendants would have been severe, as discovery would have had to be reopened to determine whether Design's calculations were proper," and that "weighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for approximately one and a half years, and at the time of the offer of [the undisclosed testimony] there was only a short time left before trial." *Id.* at 297 (internal quotation marks omitted).

DuPont offers two other arguments in opposition to the motion, and in further support of its belief that KGCC was properly notified of the damages that would be sought by DuPont.

First, DuPont points out that KGCC noticed a Rule 30(b)(6) deposition regarding "damages sought by DuPont in its Answer and Counterclaim," and DuPont produced such a witness to testify. Therefore, DuPont argues that KGCC should have asked the witness about "the full scope of damages sought by DuPont during the course of its Rule 30(b)(6) deposition [and] the fact that it chose not to pursue that opportunity was a litigation decision by KGCC."

Dkt. #178. In other words, DuPont argues that KGCC is at fault for not asking the right questions during the Rule 30(b)(6) deposition to uncover what damages were sought by DuPont.

This argument is not compelling. First, the argument puts the proverbial cart before the horse. The discovery rules are set up so that the parties first exchange initial disclosures, and then, they may take discovery based upon, and to flesh out, those disclosures. Having not provided the required disclosures, DuPont instead argues that this Court should fault KGCC for not asking the right deposition questions regarding a computation that DuPont never provided. Such a result would be contrary to the purpose of the discovery rules, which require disclosure in order to ensure that the parties are fully informed regarding the claims of their opponent.

Further, the Court is not aware of any authority – nor does DuPont cite any – that supports the contention that making a Rule 30(b)(6) witness available regarding damages wholly absolves a party of their obligations under Rule 26. Indeed, such a proposition would gut the requirements of Rule 26 and render its requirements meaningless. If this were the rule, parties could disclose little or next to nothing in their Rule 26 disclosures, tender a Rule 30(b)(6) witness regarding damages, and it would then become opposing counsel's burden to ask questions regarding the universe of damages, in the hopes that it could quantify the damages being sought by their opponent. Again, such a result would be wholly inconsistent with the purpose of the discovery rules.

As it relates to the present motion, this Court reaches the same conclusion as was reached in *Design Strategy*. The failure by DuPont to disclose any computation that would put KGCC on notice of approximately $6.3 million in damages – which nearly doubles the amount of damages listed by DuPont in their initial disclosures – is neither justified nor harmless. On the contrary, to include these damages at this late date would greatly prejudice KGCC.

7

While DuPont characterizes their September 3, 2013 disclosure of these additional damages as "timely" and having been made "well in advance of trial" (Dkt. #178), such a characterization is pure fiction. This is especially true since the disclosure first occurred on September 3, 2013 – some five years into the litigation, approximately eighteen months after discovery closed, and less than two months before trial is scheduled to commence.

The simple fact is that by not providing an accounting of these $6.3 million in additional damages until several weeks before trial, KGCC was never put on notice of these claims, and therefore was deprived of their opportunity to take discovery on these claims, as well as to potentially move for summary judgment regarding these amounts. There is no justification for DuPont's failure to disclose the additional $6.3 million in damages it now seeks, and that lack of disclosure is not harmless.

Having found that the failure to disclose was not harmless or substantially justified, the Court must determine what sanctions are appropriate. In making this determination, the Court is mindful that the imposition of sanctions is discretionary. In determining the appropriate sanction, the Court has also considered "(1) the parties explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy*, 469 F.3d at 296 (citations omitted).

Taking into account all of the facts of this case, in addition to the previously recited legal standards, the Court determines that preclusion of the damages now claimed by DuPont in excess of the $5.25 million and the $975,000.00 listed in their initial disclosures is warranted and appropriate.

DuPont has provided little to no explanation for their failure to comply with the disclosure requirement. While DuPont argues that they did comply, the record demonstrates otherwise, and DuPont cannot produce any document that discloses a computation of their damages that lists anything other than the $5.25 million and the $975,000.00. Further, DuPont's claim that the damages were contained within the 600,000 pages of discovery exchanged in this case is not persuasive, especially in light of the Second Circuit's decision in *Design Strategy*.

In addition, the prejudice to KGCC and the possibility of a continuance weigh decidedly in favor of preclusion. Similar to what the district court found in *Design Strategy*, reopening discovery for purposes of investigating these additional damages would result in further substantial delays in the resolution of this case and impose additional costs on KGCC. KGCC would thus be harmed if the Court were to permit DuPont to pursue an additional $6,348,608.00 in previously undisclosed damages, in that KGCC would be required either to postpone a trial for which they are otherwise prepared – and in a matter that has been pending since 2008 – or proceed without having had the opportunity to conduct adequate discovery on this issue.

While the second factor – the importance of the damages to be precluded – weighs in favor of DuPont, in this Court's view, it does not outweigh the other three factors. This is especially true since the lack of disclosure is a problem of DuPont's own making, and while they could have amended their Rule 26 disclosures to account for these additional damages, they failed to do so.

As a result, and after careful consideration, the Court finds that any damages in excess of

the $5.25 million and the $975,000.00[2] described in DuPont's initial disclosures should be precluded under Rule 37(c)(1), based upon DuPont's failure to disclose a computation of these damages, as required under Rule 26.

## CONCLUSION

The Court does not make this decision lightly, and acknowledges that preclusion is not mandatory, and instead, is left to this Court's discretion. However, on this record, preclusion of these damages is the appropriate remedy, and is the result of DuPont's total failure to disclose their claimed damages, despite the clear requirements of Rule 26(a) to provide a computation of any such damages. Preclusion is also warranted because any lesser sanctions would not be appropriate given the prejudice that KGCC would suffer, as well as due to the late stage of this litigation.

KGCC's motion to exclude any damages in excess of the $5.25 million down payment is therefore granted in part and denied in part. The Court excludes any damages claimed by DuPont in excess of the $5.25 million down payment, plus the $975,000.00, along with any applicable interest, that was disclosed in DuPont's Rule 26 disclosure.

IT IS SO ORDERED.

DATED: October 22, 2013
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[2] Although KGCC requested the exclusion of the $975,000.00 in damages on the basis that they are not recoverable under the terms of the contract, the Court declines to make such a finding for two reasons. First, the Court does not have sufficient information before it to make a determination that they are precluded under the contract. Second, these damages were included in DuPont's Rule 26 disclosure, which gave KGCC a full opportunity to conduct discovery on these damages. If, after discovery was completed, KGCC felt that the $975,000.00 was not recoverable under the contract, their remedy was to move for summary judgment regarding that amount. No such motion was filed.